UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMALL WASHINGTON,

    Plaintiff,

v.

NORTON, LLC, et al.,

    Defendants.

Civil Action
No. 23-1307 (CPO) (AMD)

**OPINION**

**O'HEARN, District Judge.**

Plaintiff, a state pretrial detainee, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss with prejudice Plaintiff's § 1983 claims against the named Defendants for failure to state a claim and decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

### I.    BACKGROUND[1]

This case arises from Plaintiff's purchase of a laptop. Plaintiff bought the laptop from Walmart at some point in 2020 and purchased "professional antivirus services" from Defendants Norton, LLC, and Norton 360 w/ LifeLock. (ECF No. 1, at 1, 6.) Plaintiff contends that the antivirus services have somehow failed and left him unprotected. (*Id.* at 6.) Plaintiff complained to Defendants, and Defendants refunded his money, but Plaintiff remains aggrieved. (*Id.*)

Plaintiff filed the instant Complaint in March of 2023. In terms of relief, Plaintiff contends that he is entitled to $1-million-dollars from Defendants' policy warranty and additional millions of dollars because Defendants left him and his "whole estate & family vulnerable for any and all.

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

. . attack by identity theft & cyber threats globally." (*Id.*)  Plaintiff offers no further details related to the named Defendants.[2]

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

---

[2] Plaintiff attached an exhibit of what appears to be a collection of miscellaneous grievances related to his pretrial detention, but these allegations appear unrelated to the named Defendants and unrelated to the Complaint generally. (ECF No. 1, at 8–14.)

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court, however, does not need to address the merits of Plaintiff's claims because he does not allege, and Defendants do not appear, to be "persons" acting under color of state law. *See Palmer v. John Brooks Recovery Ctr.*, No. 21-19531, 2022 WL 3681239, at *2 (D.N.J. Aug. 24, 2022); *Doe v. Boyertown Area School Dist.*, 10 F. Supp. 3d 637, 649 (E.D. Pa. 2014) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995)) ("In order to adequately plead a Section 1983 claim, plaintiff must allege a deprivation of her Constitutional rights by someone acting under the color of state law."). Instead, as stated in the Complaint, Defendants appear to be a private company and a product or subsidiary of a private company, that provides computer antivirus services. (ECF No. 1, at 4–6.) As a result, the Complaint fails to allege that a

3

state actor violated Plaintiff's constitutional rights. Consequently, the Complaint fails to state a claim under § 1983, and the Court will dismiss with prejudice Plaintiff's § 1983 claims against the named Defendants.

Finally, as no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's § 1983 claims against the named Defendants with prejudice for failure to state a claim and decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims.[3]  An appropriate Order follows.

Dated: June 1, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

---

[3] If Plaintiff wishes to pursue § 1983 claims related to the events in pages 8 through 14 of Docket Entry 1, he must file a new complaint under a new docket number. (ECF No. 1, at 8–14.)